UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EJNER B. JACOBSON,<br><br>                Plaintiffs,<br><br>   v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>                Defendant. | 2:07-cv-230-GEB-EFB<br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |

       The February 5, 2007, Order Setting Status (Pretrial Scheduling) Conference ("February 5 Order") scheduled a status conference in this case for April 23, 2007, and required the parties to file a joint status report no later than fourteen days prior to the status conference. The Order further required that a status report be filed regardless of whether a joint report could be procured. A status report was not timely filed as ordered.

       Plaintiff is Ordered to Show Cause (OSC) in a writing to be filed no later than 4:00 p.m. on June 4, 2007, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for his failure to file a timely status report. Plaintiff's written response shall also explain whether Plaintiff has effected service of process on Defendant, and

1

1 whether Plaintiff has served Defendant with a copy of the February 5
2 Order.
3          The written response shall also state whether Plaintiff or
4 his counsel is at fault and whether a hearing is requested on the
5 OSC.[1]  If a hearing is requested, it will be held on June 18, 2007, at
6 9:00 a.m., just prior to the status conference, which is rescheduled
7 to that date.
8          In accordance with the requirements set forth in the
9 February 5 Order, the parties shall file a joint status report no
10 later than fourteen days prior to the status conference.
11          IT IS SO ORDERED.
12 Dated:  April 11, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).